UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KHALIQ ALIM ANDERSON,

                    Plaintiff,

              -against-

GOV. KATHY HOCHUL; HER HUSBAND
WILLIAM J. HOCHUL; GOV. ANDREW
CUOMO; NYC MAYOR ERIC ADAMS;
MAYOR BILL DE BLASIO; HIS WIFE
CHIRLANE MCCRAY; HEALTH &
HOSPITAL CORP. CEO DR. MITCHEL
KATZ; MENTAL HEALTH & HYGIENE
COMM. DR. ASHWIN VASAN; COMM.
DAVE A. CHOKSHI; HIS WIFE MELISSA
AGUIRRE CHOKSHI; LABOR DEPT. COMM.
ROBERTA REARDON; HER HUSBAND
WALTER CLINE REARDON; DEPT. OF SOC.
SERVICES COMM. MOLLY WASOW PARK;
GARY P. JENKINS; and HIS WIFE WANDA
HENRY JENKINS,

                    Defendants.

23-CV-9528 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

       Plaintiff, who is appearing *pro se*, brings this action principally under 42 U.S.C. §§ 1983

and 1985(2), alleging that Defendants violated his constitutional rights regarding his decision not

to be vaccinated against COVID-19 in 2021, when he was employed at Defendant New York

City Health + Hospitals ("H+H"). By order dated November 1, 2023, the Court granted

Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. As set forth

in this order, the Court dismisses the complaint, with 30 days' leave to replead.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded

factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are taken from the complaint. On November 6, 2014, Plaintiff commenced employment with H+H by signing a collective bargaining agreement. Nearly seven years later, following the issuance of an executive order regarding a COVID-19 vaccine mandate for healthcare workers, issued by former Governor Andrew Cuomo on October 24, 2021, Plaintiff submitted to Defendant Molly Wasow Park, the Commissioner of the City of New York Department of Social Services ("DSS"), a request for a religious exemption from the mandate. Commissioner Park and former DSS Commissioner Gary Jenkins denied the request, which Plaintiff also refers to as a request for a religious accommodation. (*See* ECF 1, at 6.) Plaintiff asserts that there was "no opportunity . . . to appeal the decision[.]" (*Id.*)

Commissioner Roberta Reardon, of the New York State Department of Labor ("DOL"), denied Plaintiff's application for unemployment insurance on November 1, 2021, "[a]sserting that Plaintiff's non-compliance with the employer's vaccine mandate was the justification for the denial of benefits." (*Id.*) Plaintiff contends that the "[v]accine mandates were never a prerequisite to be eligible for [b]enefits[ ] [and] Defendants['] denial was arbitrary and capricious pursuant to CPLR 7803(a)." (*Id.*)

Before the events giving rise to Plaintiff's claims occurred, on May 21, 2017, former Governor Cuomo "entered into a contract with Plaintiff due to him failing to answer and rebut Plaintiff[']s affidavit sent via United States Postal Services Certified Mail within 72 hours on 3 different occasions." (*Id.* at 5.)

Plaintiff names as Defendants (1) Governor Kathy Hochul, former Governor Cuomo, and Commissioner Reardon, all of whom are current and former New York State officials; (2) New

York City Mayor Eric Adams, former New York City Mayor Bill de Blasio, H+H Chief

Operating Officer ("CEO") Dr. Mitchell Katz, Mental Health & Hygiene ("MH&H")

Commissioner Dr. Aswhin Vasan, former MH&H Commissioner Dave A. Chokshi, DSS

Commissioner Park, and former DSS Commissioner Jenkins, all of whom are current or former

New York City officials; and (3) the husbands and wives of Governor Hochul, former Mayor de

Blasio, former MH&H Commissioner Chokshi, Commissioner Reardon, and former

Commissioner Jenkins, all of whom are private individuals. The State and City Defendants "are

sued in their individual capacities and not as agents of the State of New York or the United

States." (*Id.* at 9.)

Plaintiff asserts conspiracy claims under Section 1981 and 18 U.S.C. §§ 241-242, and

constitutional claims under Section 1983. For relief, Plaintiff seeks money damages, injunctive

relief barring Defendants from violating his rights, and declaratory judgment for $1,000,000

against former Governor Cuomo "for breach of contract" (*id.*).

## DISCUSSION

**A.      Section 1983 Claims**

To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured

by the Constitution or laws of the United States was violated, and (2) the right was violated by a

person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49

(1988). Plaintiff asserts constitutional claims against New York State and City officials, in their

individual capacities, as well as against individual parties.

The Court dismisses Plaintiff's Section 1983 claims against (1) Governor Hochul, former

Governor Cuomo, Mayor Adams, former Mayor de Blasio, Commissioner Vasan, and former

Commissioner Chokshi for lack of personal involvement; (2) William Hochul, Chirlane McCray,

Melissa Aguirre Chokshi, Walter Cline Reardon, and Wanda Henry Jenkins because they are

private individuals who cannot be sued under Section 1983; and (3) H+H CEO Katz and Commissioner Reardon for failure to state a claim. The Court grants Plaintiff leave to allege facts in support of his claims against Commissioner Park and former Commissioner Jenkins regarding their alleged decision to deny Plaintiff a religious accommodation as an H+H employee.

### 1.    Personal Involvement of State and City Officials

To state a claim under Section 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep' t of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official[.]" *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff names as Defendants state and city officials in their personal capacity. He does not allege, however, any facts showing how Governor Hochul, former Governor Cuomo, Mayor Adams, former Mayor de Blasio, Commissioner Vasan, and former Commissioner Chokshi were involved personally in any employment decisions regarding Plaintiff's decision not to be vaccinated as an H+H employee. Though Plaintiff contends that official orders issued by former Governor Cuomo and former Mayor de Blasio led to his eventual termination, because he declined to be vaccinated, Plaintiff does not assert that these two Defendants were involved in

the decision to fire Plaintiff. Moreover, Plaintiff does not assert any facts suggesting the personal involvement of Governor Hochul, Commissioner Vasan, or former Commissioner Chokshi. The Court therefore dismisses Plaintiff's claims against these Defendants, sued in their personal capacity, for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2.    Private Individuals

A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Thus, private parties generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Plaintiff names as Defendants William Hochul, Chirlane McCray, Melissa Aguirre Chokshi, Walter Cline Reardon, and Wanda Henry Jenkins "as a protection to plaintiff against their husbands and wives['] unlawful [d]issipation of assets or attempt conveyances of property in an attempt to defraud legitimate creditors." (ECF 1, at 4.) As this assertion does not suggest that these Defendants work for any state or other government body, Plaintiff has not alleged a violation of his federal or constitutional rights. The Court therefore dismisses Plaintiff's Section 1983 claims against these Defendants for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### 3.    Fourteenth Amendment Claim Against DOL Commissioner

The Court construes Plaintiff's allegation that Commissioner Reardon's decision to deny his unemployment insurance benefits was "arbitrary and capricious" (ECF 1, at 6), as asserting a

procedural due process claim under the Fourteenth Amendment. Because Plaintiff does not assert that the process provided was deficient in any way, the Court dismisses this claim.

The Fourteenth Amendment provides that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. XIV § 1. "The two threshold questions in any [Section] 1983 claim for denial of procedural due process are whether the plaintiff possessed a liberty or property interest protected by the United States Constitution or federal statutes, and, if so, what process was due before plaintiff could be deprived of that interest." *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995) (citing *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 428 (1982)). Public benefits, such as unemployment insurance, "have long been afforded constitutional protection as a species of property protected by the federal Due Process Clause." *Kapps v. Wing*, 404 F.3d 105, 112 (2d Cir. 2005).

If the government deprives a plaintiff of some interest pursuant to an established procedure, due process is generally satisfied so long as some form of hearing is provided before the individual is finally deprived of the property interest. *Nnebe v. Daus*, 644 F.3d 147, 158 (2d Cir. 2011). Where "the state has provided adequate remedies to redress such unlawful acts . . . there will be no claim before the federal court, whether or not plaintiff took advantage of the state procedure." *Vialez v. New York City Hous. Auth.*, 783 F. Supp. 109, 114 (S.D.N.Y. 1991).

Under New York Labor Law, an individual seeking unemployment insurance first "file[s] a claim for benefits at a local state employment office serving the area in which he was last employed or in which he resides[.]" N.Y. Labor Law § 596. The DOL Commissioner then makes an "initial determination of the claim," which includes "[t]he validity of the claim and the amount of benefits payable to the claimant[.]" N.Y. Labor Law § 597. If "[a] claimant [] is dissatisfied with an initial determination . . . within thirty days . . . of notice of such

determination, [the claimant may] request a hearing." N.Y Labor Law § 620(1). A hearing is then "held by a referee who shall render his or her decision within five days after the hearing is concluded." *Id.* § 620(3). If a claimant disagrees with a referee's decision, the claimant may appeal "such decision to the [appeal] board" *id.*, and then may seek judicial review on any question of law, to the New York Supreme Court, Appellate Division, Third Department, *id.* § 624. If the claimant is dissatisfied with this initial judicial review, "[a]n appeal may be taken from the decision of such court to the [New York State] court of appeals." *Id.* This entire procedure "shall be the sole and exclusive procedure notwithstanding any other provision of law." *Id.* § 626.

Plaintiff fails to state a claim that Commissioner Reardon violated his rights under the due process clause because he does not allege that he took advantage of the exclusive procedure set forth above to challenge such an unfavorable decision. For example, he does not allege that he requested a hearing or filed any actions in the New York courts. As Plaintiff does not allege that he took advantage of the process made available to him by the State of New York, or that the available process was in any way inadequate, he cannot claim that Commissioner Reardon denied him due process of law under the Fourteenth Amendment. The Court therefore dismisses the claims against Commissioner Reardon for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### 4. First Amendment Claim Against DSS Commissioners

Plaintiff asserts claims under the First Amendment regarding his request for a religious exemption and/or a religious accommodation, which were denied. As discussed below, because Plaintiff cannot assert a claim against H+H CEO Katz regarding H+H's implementation of a vaccine mandate at H+H, the Court dismisses the claims against Katz for failure to state a claim, but grants Plaintiff leave to file an amended complaint to state facts in support of a First

Amendment claim against DSS Commissioners Park and Jenkins regarding the alleged denial of his request for a religious accommodation.

On August 26, 2021, the New York State Department of Health enacted an emergency rule requiring healthcare facilities to ensure that their employees were vaccinated against COVID-19. *See* N.Y. Comp. Codes R. & Regs. tit. 10, § 2.61 (2021) ("Vaccine Mandate"). The Vaccine Mandate expressly allowed medical, but not religious, exemptions. § 2.61(d); *see We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 272 (2d Cir. 2021) ("[The Vaccine Mandate] establishes a medical exemption to the vaccination requirement, but – consistent with New York's prior vaccination requirements for healthcare workers – does not include an exemption based on religious belief."), *opinion clarified*, 17 F.4th 368 (2d Cir. 2021) (explaining that it may be possible under the rule for an employer to accommodate, rather than to exempt, employees with religious objections by employing them in a manner that removes them from the rule's definition of "personnel") and *cert. denied sub nom. Dr. A. v. Hochul*, 142 S. Ct. 2569 (2022).

In *We The Patriots USA, Inc.*, the Court of Appeals for the Second Circuit held that the Vaccine Mandate met the applicable review standard – rational basis review – and healthcare workers challenging the Mandate failed to meet their burden in support of their First Amendment challenge. The Court of Appeals also held that "[b]oth [the Second Circuit] and the Supreme Court have consistently recognized that the Constitution embodies no fundamental right that in and of itself would render vaccine requirements imposed in the public interest, in the face of a public health emergency, unconstitutional," and therefore the Vaccine Mandate did not violate the healthcare workers' Fourteenth Amendment's due process rights either. *Id.* at 293.

Plaintiff alleges that he applied for a religious exemption from the Vaccine Mandate, and H+H denied his request; he also alleges that Commissioner Park and former Commissioner

Jenkins denied his request for an accommodation. As noted above, the Court of Appeals held

that the Vaccine Mandate, which did not allow for a religious exemption, was constitutional.

Thus, the denial of Plaintiff's request for an exemption does not state a constitutional claim

under the First Amendment. The Court therefore dismisses Plaintiff's First Amendment claims

against H+H CEO Katz for failure to state a claim on which relief may be granted. *See* 28 U.S.C.

§ 1915(e)(2)(B)(ii).

Plaintiff also alleges that Commissioner Park and former Commissioner Jenkins denied

Plaintiff's request for a religious accommodation, but he does not allege any facts regarding this

denial, or their alleged disallowance of his attempt to appeal their decision. The Court therefore

grants Plaintiff leave to state facts in support of his First Amendment claim regarding the alleged

denial of his request for a religious accommodation. *See We The Patriots USA, Inc.*, 17 F.4th at

370 (2d Cir. 2021) (explaining that it may be possible under the rule for an employer to

accommodate, rather than to exempt, employees with religious objections by employing them in

a manner that removes them from the rule's definition of "personnel"). Should Plaintiff assert

this claim, he must state facts clarifying (1) the title of his job; (2) the type of accommodation he

sought; (3) the reason for the denial; and (4) the individual(s) who *personally* denied his request.

He also must name the individuals who were involved personally in the employment decision.

**B.    42 U.S.C. Section 1981**

Section 1981 prohibits racial discrimination in, among other things, all contractual

relationships. *See Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 304 (1994). To state a claim of

discrimination under Section 1981, a plaintiff must allege facts showing that the plaintiff is a

member of a racial minority, the defendant intended to discriminate against the plaintiff because

of race, and the discrimination concerned "one of the statute's enumerated activities." *Brown v.*

*City of Oneonta, N.Y.*, 221 F.3d 329, 339 (2d Cir. 2000). "[I]t is [therefore] insufficient to merely

plead that race was a motivating factor in the discriminatory action." *Brown v. Montefiore Med. Ctr.*, No. 19-CV-11474, 2021 WL 1163797, at *5 (S.D.N.Y. Mar. 25, 2021) (citing *Comcast Corp. v. Nat' l Ass' n of African Am.-Owned Media*, 140 S. Ct. 1009, 1017-1018 (2020)). Instead, "a plaintiff must initially plead and ultimately prove that, but for race, [he] would not have suffered the loss of a legally protected right." *Comcast Corp.*, 140 S. Ct. at 1019. Here, the complaint does not suggest that race played any role in any decision by Defendants. Accordingly, Plaintiff's claims under Section 1981 are dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.      18 U.S.C. Sections 241 and 242**

Plaintiff asserts claims under federal criminal statutes, 18 U.S.C. §§ 241-242, which concern the deprivation of rights under color of law. As Congress did not create a private right of action under these criminal statutes, Plaintiff cannot seek civil remedies regarding under Sections 241 and 242. *See, e.g.*, *Hill v. Didio*, 191 F. App'x 13, 14 (2d Cir. 2006) ("We have noted in the past that there is no private right of action under section 242[.]" (citing *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir.1994)). The Court therefore dismisses Plaintiff's claims under Sections 241 and 242 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.      Supplemental Jurisdiction**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its

supplemental jurisdiction of any state law claims Plaintiff may be asserting, including his breach of contract claim against former Governor Cuomo. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

## LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid First Amendment claim regarding the denial of his request for an accommodation, the Court grants Plaintiff 30 days' leave to amend his complaint to detail his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead his First Amendment accommodation claim.

The Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting, including his breach of contract claim against former Governor Cuomo. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:   January 8, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                       LAURA TAYLOR SWAIN
                                     Chief United States District Judge