UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KHALIQ ALIM ANDERSON,

                  Plaintiff,

        -against-

GOV. KATHY HOCHUL, *et al.*,

                  Defendants.

23-CV-9528 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

By order dated January 8, 2024, the Court dismissed the complaint filed in this action for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), and granted Plaintiff 30 days' leave to replead a religious accommodation claim. The Court dismissed Plaintiff's remaining claims brought under 42 U.S.C. § 1983 and 42 U.S.C. § 1981.

Since the January 8, 2024 order, Plaintiff has filed three amended pleadings. On February 20, 2024, the Court issued an order finding that Plaintiff's third amended complaint (ECF 9) is the operative pleading and notifying Plaintiff that, should he file another amended pleading without being granted leave to do so, the pleading would be stricken from the docket.

The Court has reviewed the third amended pleading and dismisses all claims asserted in it, for the reason set forth in the Court's January 8, 2024 order, and for the reasons set forth below, with limited leave to replead the religious accommodation claim.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The claims asserted in this action arise from Plaintiff's former employment at Metropolitan Hospital, operated by New York City Health + Hospitals ("H+H"), and Plaintiff's 2021 firing after he declined to be vaccinated against COVID-19. In its January 8, 2024 order, the Court granted Plaintiff leave to state facts in support of his assertion that Defendants Molly Wasow Park, the Acting Commissioner of the New York City Department of Social Services ("NYC DSS") and Gary P. Jenkins, the former NYC DSS Commissioner, denied his request for a religious accommodation. The Court dismissed the remaining Defendants from the action, that is: (1) Governor Kathy Hochul, former Governor Andrew Cuomo, Mayor Eric Adams, former Mayor Bill de Blasio, Commissioner Dr. Aswhin Vasan of New York City Health & Mental Hygiene ("Health"), and former Health Commissioner Dave A. Chokshi because Plaintiff did not plead facts suggesting their personal involvement; (2) William Hochul, Chirlane McCray, Melissa Aguirre Chokshi, Walter Cline Reardon, and Wanda Henry Jenkins because they are private individuals who cannot be sued under Section 1983; and (3) H+H Chief Operating Officer ("CEO") Dr. Mitchell Katz and Commissioner Reardon for failure to state a claim.

In Plaintiff's third amended complaint, he names as Defendants former NYC DSS Commissioner Jenkins and reasserts his religious accommodation claim. He also renames as defendants individuals who were dismissed from the action: Governor Hochul, Mayor Adams,

H+H CEO Dr. Katz, Health Commissioner Vasan, and former Health Commissioner Chokshi. Finally, he names as new Defendants former New York City Department of Human Resources Administration Commissioner Steven Banks, New York State Department of Health ("DOH") Commissioner James V. McDonald, and former DOH Commissioner Mary T. Bassett.

The following facts are taken from the third amended complaint.[1] The first set of facts concerns Plaintiff's being fired after he declined to be vaccinated, and the second set of facts concerns New York State and New York City official acts regarding the implementation of vaccine mandates. The Court assumes familiarity with the January 8, 2024 order and the Court's recitation of the facts alleged in the original complaint.

## A.    Workplace Allegations

On November 6, 2014, H+H hired Plaintiff as a "Service Aide." Plaintiff describes the responsibilities of this position as follows: a Service Aide "does not have a specific location[;] employees under this title can be work indoor/outdoor throughout the NYC or remotely." (ECF 7, at 4.)

On September 27, 2021, H+H Human Resources Director April Alexander informed Plaintiff that he must "comply with the vaccine Mandate or I could resign and sign a waiver of claims against H&H, or be placed on suspensions without pay." (*Id.* at 5.) Plaintiff requested information regarding "the risks and benefits of the procedure or treatment pursuant to State of New York Patients' Bill of Rights in a hospital Section 9." (*Id.*) Plaintiff also "asked for religious accommodations." (*Id.*) Alexander informed Plaintiff that he must "forward any documents via email to EEO through Metropolitan Hospital intranet." (*Id.*)

---

[1] The Court quotes verbatim from the third amended complaint. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

In September 2021, Plaintiff received correspondence from New York City officials, including Defendants Banks and Jenkins, and "Equal Employment Opportunity Assistant Deputy Commissioner Stephanie Grant." (*Id.*) "Defendants and Ms. Grant denied Plaintiff request for the risks and benefits of the mandated vaccine . . . [and] my request for religious accommodations stating the documents were unsubstantiated[.]" (*Id.*) They did not offer an "explanation as to what undue hardship that Metropolitan Hospital would incur by accommodating Plaintiff, and no option to correct or appeal their decision." (*Id.*)

On October 21, 2021, "H&H Human Resource Senior Vice President Yvette Villanueva mailed Plaintiff a document that warned him to get vaccinated, voluntarily resign or sign a waiver of claims against H&H or be place on Administrative Separation with a November 1, 2021 deadline." (*Id.* at 5-6.) On November 1. 2021, "Dr. Chokshi directed Ms. Villanueva to place Plaintiff on Permanent Administrative Separation." (*Id.*) Plaintiff asserts that H+H did not provide him with a hearing, arbitration, or any "explanation." (*Id.*)

## B.    Vaccine Mandate Allegations Regarding New York City Officials

In October 2021, "[former Health Commissioner] Dr. Chokshi ordered a vaccine mandate excluding Plaintiff from his work place," which was "ratified by Board of Health on Nov 1, 2021 . . . usurping NYS Senate[] Bill #7268 sec. 1.1 banning the state and local government from requiring the covid-19 vaccine." (*Id.* at 7.)

The following year, "[o]n March 24, 2022 Mayor Adams issued Exec. Order #62 [exempting athletes and performers from the requirement to provide proof of COVID-19 vaccination] [that] granted unwarranted privileged and exemptions to the public and private sectors of the city for 12 months until CDC [Centers for Disease Control and Prevention] rescinded the public health emergency." (*Id.* at 8.) "Mayor Adams vacated the vaccine mandate for Performers, Artist, and Athletes during a official public health emergency." (*Id.*) Thus,

"Mayor Adams [provided] special perks to a certain group for 14 months and within that time frame he disregarded CDC's public health emergency and disregarded Gov. Hochul's exec. Order #202 [March 7, 2020 Executive Order, declaring a State disaster emergency] for 10 months." (*Id.*) Currently, "Mayor Adams will not rehire plaintiff with retroactive pay and compensation for damages caused by government relying on inaccurate science and medical data and Plaintiff acted honorable from the very start of the pandemic by complying with testing weekly and wearing a mask." (*Id.*)

"On or around Mar 24, 2022 [Health Commissioner] Dr. Vasan chose to ignore the Mayors Exec. Order #62 granting unwarranted privileges and exemptions to unvaccinated performers, artist and athletes while discriminating against unvaccinated hospital employees, during a public health emergency." (*Id.* at 7.) Plaintiff asserts that "Dr. Vasan had no rational basis to continue enforcement of [vaccine mandates] when no public health emergency was present." (*Id.*)

C.    **Vaccine Mandate Allegations Regarding New York State Officials**

"On September 13, 2022 Gov. Hochul allowed [State of Emergency] Exec. Order #202 to elapse ending the statewide public health emergency." (*Id.* at 7.) Former DOH Commissioner Bassett "refused to repeal 10 NYCRR 2.61 ["Vaccine Mandate"] when no risks to the public interest were present." (*Id.*) Commissioner McDonald violated New York State's Code of Ethics for public officers "due to his unwillingness to repeal 10 NYCRR 2.61 when no dangers exist and there was no threat to the public interest, it was also arbitrary and capricious under [New York Civil Practice Law and Rules Article 7803]." (*Id.* at 6.)

On March 4, 2023, Commissioner McDonald discontinued the enforcement of the Vaccine Mandate, "6 months after Gov. Hochul ended Exec. Order #202." (*Id.*)

Governor Hochul "failed to direct Mayor Adams to rescind [New York City] Exec. Order #62." (*Id.* at 9.)

## DISCUSSION

### A.    Claims Against Governor Hochul, Commissioner McDonald, and former DOH Commissioner Bassett

Plaintiff brings claims against Governor Hochul, Commissioner McDonald, and former DOH Commissioner Bassett regarding the Vaccine Mandate. He appears to challenge the New York State Defendants' decision to continue implementing the Vaccine Mandate following Governor Hochul's September 13, 2022 decision to end the public health emergency. He does not, however, assert a claim challenging the constitutionality of this decision. Plaintiff's reference to state laws, as a basis for a federal claim, cannot support a federal civil rights violation claim under 42 U.S.C. § 1983 because "a violation of state law is not cognizable under § 1983." *Pollnow v. Glennon*, 757 F.2d 496, 501 (2d Cir. 1985). To the extent Plaintiff seeks to challenge the Vaccine Mandate on constitutional grounds, requiring healthcare employees opposed to vaccines to be vaccinated, the challenge must rejected, as the Court of Appeals for the Second Circuit has upheld "[v]accination [as] a condition of employment in the healthcare field." *We The Patriots USA, Inc. v. Hochul*, 17 F.4th 266, 294 (2d Cir. 2021), *opinion clarified*, 17 F.4th 368 (2d Cir. 2021). In *We The Patriots USA, Inc.*, the Court of Appeals noted that "individuals who object to receiving the vaccines on religious grounds have a hard choice to make, [but] they do have a choice[;] . . . the State is not forcibly vaccinating healthcare workers." *Id.* Thus, any constitutional challenge to the requirement that Plaintiff be vaccinated for his job as a healthcare employee cannot state a claim, and the Court dismisses Plaintiff's claims against the New York State officials for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.**     **Mayor Adams, Health Commissioner Vasan, and former Health Commissioner Chokshi**

Plaintiff's claims against Mayor Adams, Health Commissioner Vasan, and former Health Commissioner Chokshi concern Executive Order Number 62, and its exemption for certain athletes, artists, and performers from complying with New York City's vaccination mandate. Plaintiff refers to a New York State Supreme Court, Richmond County decision, *Garvey v. City of New York*, 77 Misc. 3d 585, 588-89 (N.Y. Sup. Ct., Richmond Cnty., Oct. 24, 2022), in support of his claims against the New York City officials.

In *Garvey*, the court noted that on October 21, 2021, the New York City Department of Health and Mental Hygiene issued a mandate requiring all New York City "employees to show proof of at least one dose of vaccination against Covid-19 by 5:00 PM on October 29, 2021." *Id.* The court further noted that "[o]n March 24, 2022, Mayor Adams enacted Executive Order No. 62, which provided blanket exemptions from the private employers' vaccine mandate for athletes, performers, and other artists" and held that "[g]ranting exemptions for certain classes and selectively lifting of vaccination orders, while maintaining others, is simply the definition of disparate treatment." *Id.* at 599. The court granted the petitioners' Article 78 petition, finding that "Executive Order No. 62 renders all of these vaccine mandates arbitrary and capricious." *Id.* at 600.

To the extent Plaintiff seeks to assert an equal protection claim under the Fourteenth Amendment, arguing that Mayor Adams, Commissioner Vasan, and former Commissioner Chokshi treated him, a healthcare worker required to show proof of vaccination, differently from artists, performers, or athletes who were exempted from showing proof of vaccination, the Court dismisses such a claim for failure to state a claim.

Under the Fourteenth Amendment, a plaintiff who does not allege membership in a protected class under the Amendment, may state a cognizable claim of discrimination in violation of the Equal Protection Clause if he establishes that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Analytical Diag. Labs, Inc. v. Kusel*, 626 F.3d 135, 140 (2d Cir. 2010) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)). To prevail on a "class-of-one" equal protection claim, a plaintiff must establish that he and a comparator are "prima facie identical" by showing that:

> (i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendant acted on the basis of a mistake.

*Hu v. City of New York*, 927 F.3d 81, 92 (2d Cir. 2019) (quoting *Neilson v. D'Angelis*, 409 F.3d 100, 105 (2d Cir. 2005)).

Plaintiff does not state facts suggesting that any similarly situated individual, such as another healthcare worker, was treated differently than he was treated. Rather, Plaintiff points to individuals who are not similarly situated – artists, performers, and athletes. *See, e.g.*, *Kane v. de Blasio*, 623 F. Supp. 3d 339, 359 (S.D.N.Y. 2022) ("Plaintiffs point to no similarly situated persons who have been treated differently - indeed, they do not point to any [Department of Education] employee who has been granted a religious exemption to the Vaccine Mandate and been permitted to work in person. Since there is no claim of differential treatment, plaintiffs' equal protection claim fails."). Accordingly, to the extent Plaintiff seeks to bring an equal protection claim against the New York City officials, Plaintiff cannot state a claim under Section 1983.

**C.    Dr. Katz, former Commissioner Jenkins, and former Commissioner Banks**

The Court granted Plaintiff leave to state facts in support of his claim that Commissioner Park and former Commissioner Jenkins denied him his request for a religious accommodation, in violation of the First Amendment, because Plaintiff stated facts suggesting that H+H did not provide any explanation for its denial. As discussed below, the Court dismisses this claim for failure to state a claim with 30 days' leave to replead.

In *We The Patriots USA, Inc.*, the Court of Appeals for the Second Circuit held that an employee who seeks a reasonable accommodation where the employee is required to be vaccinated, the employer may "remove[ ] the individual from the scope of the [Vaccine Mandate] . . . , allowing them to continue working consistent with the [Vaccine Mandate], while avoiding the vaccination requirement." [2] 17 F.4th at 292. The Court of Appeals noted that no interpretation of the Vaccine Mandate would "require covered entities to provide . . . a blanket religious exemption allowing [employees] to continue working at the current positions unvaccinated." *Id.*

Plaintiff's challenge to H+H's accommodation procedure does not state a claim because Plaintiff does not allege that there was a capacity in which he could have "remain[ed] unvaccinated while employed" by H+H. *See, e.g.*, *Algarin v. NYC Health + Hosps. Corp.*, No. 22-CV-8340 (JLR), 2023 WL 4157164, at *3 (S.D.N.Y. June 23, 2023) ("In other words, the [Second] Court opined that it is possible to have a reasonable accommodation based on religion if it takes the individual out of the scope of the Rule – such as by 'employing them in a manner

---

[2] In *We The Patriots USA, Inc.*, the Court of Appeals analyzed the request for a reasonable accommodation in the context of a Title VII claim, brought under 42 U.S.C. § 2000e-2. Plaintiff's pleadings do not suggest that he is asserting a claim under Title VII, which prohibits discrimination based on an employee's protected classification, including religion. *See* 42 U.S.C. § 2000e-2(a)(1).

that removes them from the [Vaccine Mandate]'s definition of 'personnel'' – which would allow the employee to remain unvaccinated while employed.") (quoting *We The Patriots USA, Inc.*, 17 F.4th at 370)). Rather, he appears to allege that he could continue to work unvaccinated "indoor/outdoor throughout the NYC or remotely." (ECF 7, at 4.) While Plaintiff states that his position allowed for remote work, he does not state that that he could fulfill the requirements of his job while working remotely and remain unvaccinated and employed. Thus, any First Amendment challenge to the accommodation procedure provided by H+H does not state a claim because Plaintiff does not plead facts suggesting that his work allowed him to be unvaccinated.

Because Plaintiff states that his position allowed for at least some remote work, the Court grants him limited leave to assert his First Amendment accommodation claim only. This claim must be asserted only against H+H individuals who were involved personally with Plaintiff's request for an accommodation. Plaintiff also must state facts describing the nature of his work in 2021, and the specific steps he took when he requested to continue working at H+H unvaccinated. For example, if Plaintiff asked to work fulltime remotely, he must include this allegation in his amended pleading.

If Plaintiff does not file a fourth amended complaint within 30 days of the date of this order, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses all claims asserted in the third amended pleading for the reason set forth in the Court's January 8, 2024 order (ECF 6), and for failure to state a claim, see 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead his religious accommodation claim.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil

judgment is entered.

SO ORDERED.

Dated:    April 15, 2024
          New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge